## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No.  05-CV-01243-REB-MJW

TOWNSEND H. ANDERSON,

      Plaintiff,

v.

U.S. ARMY CORPS OF ENGINEERS; COLONEL RONALD LIGHT, in his official capacity as District Engineer of the DISTRICT OFFICE of the U.S. ARMY CORPS OF ENGINEERS in Sacramento; ROUTT COUNTY BOARD OF COUNTY COMMISSIONERS in its capacity as the developer of the new Routt County Justice Center,

      Defendants.

---

## ORDER

---

**Blackburn, J.**

      The matter before me is plaintiff's Motion for Temporary Restraining Order, or, in the Alternative, for Preliminary Injunction, Brief in Support and Certificate of Compliance with Local Rule 7.1 [#2], filed July 6, 2005.  By this motion, plaintiff seeks to enjoin the filling of 1.43 acres of wetlands in an unnamed drainage of the Yampa River for the construction of a new justice center in Steamboat Springs, Routt County, Colorado.  I deny the motion and dismiss this action without prejudice for failure to prove a justiciable case or controversy.

      A temporary restraining order or preliminary injunction is extraordinary relief.  A party seeking a preliminary injunction must show 1) a substantial likelihood that the movant will prevail on the merits; 2) that the movant will suffer irreparable injury

unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) that the injunction, if issued, would not be adverse to the public interest. ***Prairie Band of Potawatomi Indians v. Pierce***, 253 F.3d 1234, 1246 (10th Cir. 2001); ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980).  In addition to the foregoing factors, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED.R.CIV.P. 65(b).

Plaintiff has failed to allege any facts showing that the threatened injury of which he complains is so imminent that a temporary restraining order is justified. There is no allegation that preparations for or construction of the new justice center has begun or will commence imminently, and I cannot infer as much from the mere allegation that the U.S. Army Corps of Engineers recently issued a permit for the site. Therefore, plaintiff is not entitled to a temporary restraining order.

In addition, and relevant also to plaintiff's request for preliminary injunctive relief, I perceive immediately a problem of standing to prosecute this action.[1]  ***See Rector v. City and County of Denver***, 348 F.3d 935, 942 (10th Cir. 2003) (existence of standing must be considered *sua sponte* to ensure that justiciable case or controversy exists).  The Clean Water Act allows "any citizen" to commence an action

---

[1] Although plaintiff at times represents himself to be proceeding on behalf of the "Friends of the Justice Center," a local advocacy group, he has filed suit solely in his own name.

to enforce the provisions of the Act.  33 U.S.C. § 1365(a).[2]  Despite the apparent breadth of this language, plaintiff must still allege, *inter alia*, an "injury-in-fact," that is, an injury that is both "concrete and particularized" and "actual or imminent."  ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted).  "The relevant showing for purposes of Article III standing . . . is not injury to the environment but injury to the plaintiff."  ***Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.***, 528 U.S. 167, 181, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000).  Plaintiff has alleged no such particularized injury here.  Instead, he claims merely that the proposed construction will harm the affected wetlands and adversely impact the economy and dynamics of downtown Steamboat Springs.  (Decl. of Townsend H. Anderson at 2, ¶¶ 5, 7 & 9. [#3], filed July 6, 2005.)  Such general, non-particularized injuries are not sufficient to confer standing on plaintiff to prosecute this lawsuit.[3]  Plaintiff, therefore, has failed to prove the existence of a justiciable case or controversy.  Accordingly, this action should be dismissed without prejudice.

---

[2]  In addition, the Clean Water Act requires that the agency be given 60 days notice before any action may be filed.  33 U.S.C. § 1365(b).  There is no allegation that this procedure has been followed in this case, and given that the Corps issued the contested permit barely one month ago, it appears unlikely that this requirement has been satisfied.

[3]  This same deficiency also renders plaintiff unable to demonstrate standing to seek review of the Corps' final agency action under the Administrative Procedures Act, 5 U.S.C. § 702.  *See National Credit Union Administration v. First National Bank & Trust Co.*, 522 U.S. 479, 488, 118 S.Ct. 927, 933, 140 L.Ed.2d 1 (1998).  *See also Northwest Environmental Defense Center v. Wood*, 947 F.Supp. 1371, 1375-76 (D. Or.) (Corps of Engineers' decision to issue Clean Water Act permit subject to review under APA), *aff'd*, 97 F.3d 1460 (9th Cir. 1996) (Table).

**THEREFORE, IT IS ORDERED** as follows:

(1) That plaintiff's Motion for Temporary Restraining Order, or, in the Alternative, for Preliminary Injunction, Brief in Support and Certificate of Compliance with Local Rule 7.1 [#2], filed July 6, 2005, is **DENIED**; and

(2) That this action is **DISMISSED WITHOUT PREJUDICE**.

Dated July 7, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

4